IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EWA K. NELSON and MICHAEL F. NELSON, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 4:20-cv-00974-P |
| SAFECO INSURANCE COMPANY OF INDIANA, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand and Costs. ECF No. 7. Having reviewed this Motion, Defendant's Response (ECF No. 8), Plaintiffs' Reply (ECF No. 12), and the applicable law, the Court finds that the Motion should be and hereby is **DENIED.**

### BACKGROUND

Plaintiffs Ewa K. and Michael F. Nelson (the "Nelsons") are Texas citizens who filed an original petition in Texas state court against Defendant Safeco Insurance Company of Indiana ("Safeco") arising out of alleged roof damages. Pet. at ¶¶ 3–7, ECF 1-3. The Nelsons sought the appointment of an appraiser and damages not to exceed $75,000. *Id*. Safeco removed the case alleging diversity jurisdiction, claiming that contrary to the face of the Petition, the Nelsons' damages could be well over $75,000. In response, the Nelsons filed this Motion to Remand, arguing that the case should be remanded to Texas state court because the amount-in-controversy requirement was not met. Mt. to Remand, ECF No. 7.

Safeco filed a response (ECF No. 8), the Nelsons filed a reply (ECF No. 12), and the Motion is now ripe for review.

## SUBJECT-MATTER JURISDICTION

Under 28 U.S.C. 1332(a), federal district courts have original jurisdiction over all civil actions involving citizens of different states, where the matter in controversy exceeds $75,000, exclusive of interest and costs. § 1441(a) provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* at § 1441(a). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When assessing the amount in controversy for diversity-jurisdiction purposes, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" unless the law gives a different rule. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). A sum pled by a plaintiff, however, *is made in bad faith and will not control* when the specified sum is made in contravention of the state law's pleading requirements. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (citation omitted) (holding that a pleading for damages under the jurisdictional amount where a state rule prevents such a pleading "is surely characterized as bad faith").

"When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990); *see also Gebbia v. Wal-*

*Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (noting that "the jurisdictional facts that support removal must be judged at the time of the removal"). And when uncontested by a plaintiff, "the defendant's amount-in-controversy allegation should be accepted . . . by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). If the plaintiff contests, however, then "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id*. at 88 (quoting § 1446(c)(2)(B)).

## ANALYSIS

In the present action, the parties' diversity of citizenship is undisputed. The only issue is whether the required showing has been made that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, the Court must determine if (a) the sum pled by the Nelsons was made in bad faith, and, if so (b) whether Safeco has demonstrated by a preponderance of the evidence that the Nelsons' claims, if successful, would in fact trigger a recovery exceeding $75,000, and, if so, (c) whether the Nelsons effectively bound themselves to an award below the jurisdictional threshold.

**A.      The sum claimed in the Nelsons' Original Petition does not control.**

Based on binding Fifth Circuit precedent, the Nelsons' attempt to limit the amount of relief sought to $75,000 does not control because such a demand is not permitted under Texas law. A sum pled by a plaintiff outside of the amounts provided in Texas Rule of Civil Procedure is made in "bad faith" and will not control when the specified sum is made in contravention of the state law's pleading requirements. *See De Aguilar*, 47 F.3d at 1413

("[A] plaintiff . . . cannot . . . avoid removal by pleading for damages under the jurisdictional amount where a state rule prevents such a pleading.").

Rule 47 requires that a plaintiff provide "a statement that the damages sought are within the jurisdictional limits of the court"; and

    (c) a statement that the party seeks:

        (1) only monetary relief of $100,000 or less . . . ; or

        (2) monetary relief of $100,000 or less and non-monetary relief; or

        (3) monetary relief over $100,000 but not more than $200,000; or

        (4) monetary relief over $200,000 but not more than $1,000,000; or

        (5) monetary relief over $1,000,000;

TEX. R. CIV. P. 47.[1]

Therefore, the plain language of Rule 47 does not permit a plaintiff to plead for monetary relief of "$75,000 or less." *See Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816 at *5–6 (N.D. Tex. Oct. 28, 2013) (Lindsey, J.); *see also Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 842 (N.D. Tex. 2020) (Pittman, J.). "Had Plaintiff[s] properly followed Rule 47, [they] would not have included the '75,000 or less' language, as the rule is quite specific as to what a party must set forth with respect to the monetary relief he or she seeks." *Wilson,* 2013 WL 5803816 at *5–6.

Here, the Nelsons' Petition does not include any of the damage ranges stated under Rule 47. Accordingly, it appears that the Nelsons purposefully contravened the Texas rules

---

[1] While this was the law that applied when this case was filed in 2020, the Court notes that these ranges were altered effective January 1, 2021.

governing pleading requirements to avoid federal jurisdiction, resulting in their Petition not being in "good faith." Consequently, the sum claimed therein does not control.

**B.     Safeco shows that the actual amount in controversy likely exceeds $75,000.**

When the plaintiff's pleading does not control, defendants carry the burden to show by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional amount. *See Gebbia*, 233 F.3d at 882. The removing party can satisfy that burden (1) by showing that it is apparent from the face of the petition that the claims are likely to exceed $75,000 or (2) by providing evidence to support such a conclusion. *See Wilson*, 2013 WL 5803816 at *3–4; *see also Gebbia*, 233 F.3d at 883; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Hamilton*, 474 F. Supp. 3d at 842–43; *Greco v. Jones*, 992 F. Supp. 2d 693, 699 (N.D. Tex. 2014).

The Nelsons contend that their recovery is limited to $75,000 because Safeco "included categories of damages that [they] never demanded or pled for, to include damages barred by Texas Law, and to include improperly classified interest into its amount-in-controversy calculations." Mt. to Remand at 1. The Court disagrees and finds that Safeco sets forth by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional threshold.

Both parties agree that the Nelsons seeks at least $42,039.85 in actual damages. However, under Texas Insurance Code section 542.060(a), insurers are liable for attorneys' fees, regardless of whether the pleadings demanded them. *Agredano v. State Farm Lloyd's*, No. SA-15-CV-01067-RCL, 2018 WL 3579484, at *4 (W.D. Tex. July 25, 2018) ("[A]ttorney's fees here are automatically provided for by . . . § 542.060 . . . regardless of

whether the pleadings demanded them."). Attorneys' fees for breaches of contract are similarly mandatory. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *End Users, Inc. v. Sys. Supply For End Users, Inc.*, No. 14-06-00833-CV, 2007 WL 2790379, at *6 (Tex. App.—Houston [14th Dist.] Sept. 27, 2007, no pet.) ("An award of attorney's fees under section 38.001 is mandatory"); *Wasserberg v. RES-TX One, LLC*, No. 14-13-00674, 2014 WL 6922545, at *5 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. denied) ("Because the language of the statute is "may recover" rather than "may award," attorneys' fees for a breach of contract are mandatory."); FED. R. CIV. P. 54(c) (final judgment should "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

Mr. Michael Nelson, an attorney representing himself in this case, contends that these statutes are inapplicable because his reading of Texas law provides no attorneys' fees for pro se attorneys. Mt. to Remand at 5–6. The Court disagrees. "Under the law of this circuit, a pro se litigant who is an attorney by profession may receive attorneys' fees in cases in which attorneys' fees are authorized by statute." *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 374–75 (5th Cir. 1990).

Further, Mrs. Ewa Nelson is not an attorney and is being represented by her husband, Mr. Nelson. *See* Pet., Mt. for Remand, Jury Demand. Thus, in addition to the fact that Mr. Nelson, were he the sole plaintiff, would be entitled to an automatic award of fees pursuant to both Chapter 38 and Section 542 because he is a licensed attorney, the Nelsons are also entitled to automatic attorneys' fees because Mrs. Nelson is represented by an attorney in this lawsuit.

6

Finally, the Court notes that the Nelsons ask for attorneys' fees in the very motion where they claim that they are not entitled to attorneys' fees. *See* Mt. to Remand at 13–14 ("The Court, therefore, can award the Plaintiffs their costs, *including attorney's fees incurred* in addressing the Defendant's improper removal") (emphasis added). While the Nelsons' plan to give the entirety of their requested attorneys' fees to the Special Olympics is highly commendable, that does not change the fact that they still requested them and could be awarded under the law.

Having established that attorneys' fees are indeed recoverable in this case, the Court finds that Safeco has shown by a preponderance of the evidence that the combination of actual damages pled and reasonable attorneys' fees alone push the amount in controversy over the $75,000 required for diversity jurisdiction.

## C. The Nelsons do not meet the legal certainty requirement.

Because Safeco proved by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, removal was proper unless the Nelsons can show to a "legal certainty" that they cannot recover more than this amount. *De Aguilar*, 47 F.3d at 1411–12; *Hamilton*, 474 F. Supp. 3d at 843. The Fifth Circuit suggested that a plaintiff may meet this obligation by citing to a state law prohibiting recovery of damages more than those sought in the petition. *De Aguilar*, 47 F.3d at 1412. Absent such a statute, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*[.]" *Id*. (quoting *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).

7

A pleading filed in Texas state court does not indefinitely bind a plaintiff to recovery of $75,000 or less. Thus, if the Court remanded the case, the Nelsons would still be permitted to file an amended petition in state court seeking an amount that exceeds $75,000. *See Martinez v. Liberty Ins. Corp.*, No. H-19-3956, 2019 WL 6894497, at *2 (S.D. Tex. Dec. 18, 2019) ( [A]lleged damages stated in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because plaintiffs may supersede those allegations with amended pleadings."); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014) ("Although the allegations of [the plaintiff's] petition are binding judicial admissions for the time being, they will cease to be 'conclusive and indisputable judicial admissions' if she chooses to amend or supersede her petition, as the Texas rules give her considerable latitude to do.") (Fitzwater, J.) (quoting *Sosa v. Cent Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995)).

The Nelsons argue that their sworn declaration establishes to a "legal certainty" that they will not be able to recover more than $75,000. *See* Reply. The Court rejects this argument because their declaration was filed after Safeco removed the case. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998). ("Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached."); *Bloomberg*, 474 F. Supp. 3d at 844; *Hayes v. Bank of Am. N.A.*, No. 3:18-cv-3238-B, 2019 WL 585445, at *4 (N.D. Tex. Feb. 13, 2019) ("A simple allegation in a state-court petition that a plaintiff seeks less than the jurisdictional threshold, without more, is insufficient to

defeat diversity jurisdiction . . . [H]ere, Plaintiff submitted no binding stipulation or affidavit with his complaint, nor can Plaintiff remedy his error by submitting a post-removal stipulation.") (Boyle, J.).

The Nelsons are correct that post-removal stipulations or affidavits limiting damages "may be considered in determining the amount in controversy at the time of removal" but "only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. Here, the amount in controversy and, in turn, the basis for jurisdiction, at the time of removal was unambiguous as evidenced by the damages sought in the Original Petition. "[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul makes later filings irrelevant*." *See De Aguilar*, 47 F.3d at 1412 (emphasis added). Thus, the Nelsons' post-removal declaration limiting damages is irrelevant, and the Court does not consider it in determining the amount-in-controversy.[2]

---

[2] As this Court stated in *Hamilton*, the undersigned urges the Fifth Circuit Court of Appeals to consider clarifying its 1995 holding in *De Aguilar* in light of the multiple amendments to Texas Rule of Civil Procedure 47 since the opinion was issued.

> *De Aguilar* seems to require district courts to find pleadings that do not strictly follow Rule 47 are not "in good faith" even though the phrase does not mean "subjective bad faith," given [the] . . . a substantial ground for difference of opinion on the interplay between Rule 47 and the amount-in-controversy requirement, and given that good and experienced litigators . . . remain genuinely confused as to the best practices to properly plead the amount in controversy below the jurisdictional amount . . . .

*Hamilton,* 474 F. Supp. 3d at 849 (citing 28 U.S.C. § 1292(b)).

In any event, this Court is highly confident that this small homeowner's insurance coverage dispute, originally filed in Tarrant County Court at Law No. 2, would have been resolved much more quickly, cheaply, efficiently, and to the benefit of all parties if it merely been left to be

## CONCLUSION

Considering the foregoing, the Court concludes that the amount in controversy exceeds the jurisdictional threshold. Therefore, the Court has subject-matter jurisdiction over this case and removal was proper.

Accordingly, the Court finds that the Nelsons' Motion to Remand (ECF No. 7), should be and is hereby **DENIED.**

**SO ORDERED** on this **16th day** of **March, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

decided by our good Tarrant County judges and juries. It is axiomatic that "federal removal should never be used by litigants for gamesmanship purposes or to delay litigation in relatively small cases." *Id*. at 849 n. 6.